# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**SAMUEL & STEIN**
David Stein (DS 2119)
David Nieporent
Ruchama Cohen
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

| | |
|---|---|
| Antonio Jose Santos *and* Antonio Urias, *on behalf of themselves and all other persons similarly situated*,<br><br>        Plaintiffs,<br><br>              - vs. –<br><br>Elsa La Reina Del Chicharron #5, Inc. d/b/a Elsa La Reina Del Chicharron, Elsa Mejia, *and* Teddy Mejia,<br><br>        Defendants. | DOCKET NO. 18-cv-6646<br><br>**COMPLAINT** |

Plaintiffs Antonio Jose Santos and Antonio Urias, by and through their undersigned attorneys, for their complaint against Defendants Elsa La Reina Del Chicharron #5, Inc. d/b/a Elsa La Reina Del Chicharron, Elsa Mejia, and Teddy Mejia, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants Elsa La Reina Del Chicharron #5, Inc. d/b/a Elsa La Reina Del Chicharron, Elsa Mejia, and Teddy Mejia**,** who elect to opt

into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2.     Plaintiffs further complain that they are entitled to back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3.     Plaintiff Antonio Jose Santos is an adult individual residing in the Bronx, New York.

4.     Plaintiff Antonio Urias is an adult individual residing in Lumberton, North Carolina.

5.     Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.     Upon information and belief, Defendant Elsa La Reina Del Chicharron #5, Inc. d/b/a Elsa La Reina Del Chicharron ("Elsa La Reina") is a New Jersey corporation with a principal place of business at 1515 Teaneck Road, Teaneck, New Jersey.

7.     At all relevant times, Defendant Elsa La Reina has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.     Upon information and belief, at all relevant times, Defendant Elsa La Reina has had gross revenues exceeding $500,000.00.

9.     Upon information and belief, at all relevant times, Defendant Elsa La Reina has used goods and materials produced in interstate commerce, and has employed two or more individuals who handled such goods and materials.

10.    Upon information and belief, at all relevant times, defendant Elsa La Reina has constituted an "enterprise" as defined in the FLSA.

11.    Upon information and belief, Defendant Elsa Mejia is an owner or part owner and principal of Elsa La Reina and has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.    Defendant Elsa Mejia is involved in the day-to- day operations of Elsa La Reina and plays an active role in managing the business.

13.    Upon information and belief, Defendant Teddy Mejia is an owner or part owner and principal of Elsa La Reina and has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.    Defendant Teddy Mejia is involved in the day-to- day operations of Elsa La Reina and plays an active role in managing the business.

15.    Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were employed by Defendants in the United States at any time since April 13, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates at least one-and-one-half times their regular rates of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.     The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

20.     They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

21.     Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by Defendants.

22.     The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

23.     At all relevant times herein, Defendants have owned and operated a chain of restaurants under the name Elsa La Reina Del Chicharron, including one located in Teaneck, New Jersey.

24. Plaintiffs' work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive responsibilities or the exercise of independent judgment about matters of business significance.

25. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. From approximately 2007 until July 25, 2017, Mr. Santos was employed by Defendants as a chef at their Teaneck restaurant.

27. Mr. Santos regularly worked six days per week (every day except Monday), for nine hours per day.

28. On Tuesday, Mr. Santos worked from 7:00 A.M. to 4:00 P.M. On Wednesday and Thursday, he worked from 2:00 P.M. to 11:00 P.M.; and on Friday, Saturday and Sunday, from 12:00 P.M. to 9:00 P.M.

29. Consequently, Mr. Santos routinely worked approximately 54 hours per week each week of his employment.

30. Commencing in approximately 2010, Mr. Santos was paid at a fixed rate of $800 per week, regardless of the exact number of hours he worked in a given week.

31. Mr. Urias was employed by Defendants at their Teaneck restaurant as a meat cutter, prep cook, and dishwasher from approximately 2012 to 2014; and then again from April 2015 to November 2015.

32. In 2015, Mr. Urias regularly worked six days per week (every day except Tuesday).

33.     On Sunday, Monday, Wednesday and Thursday, Mr. Urias worked from 2:00 P.M. to 11:00 P.M. On Friday and Saturday, Mr. Urias worked from 3:00 P.M. to about 5:00 A.M.

34.     Consequently, Mr. Urias routinely worked approximately 64 hours per week each week of his employment.

35.     Mr. Urias started at a fixed pay rate of $475 per week, and in 2015, he received a raise to $500 per week – amounts he received regardless of the exact number of hours he worked in a given week.

36.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

37.     Plaintiffs were paid weekly, partly in cash and partly by check. Although plaintiffs received paystubs with their paychecks, these stubs did not reflect the cash portion of their compensation.

38.     In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA and the New Jersey Wage and Hour Law.

39.     Defendants' failure to pay Plaintiffs the overtime "bonus" for hours worked beyond 40 hours in a workweek was willful, and lacked a good faith basis.

40.     Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at Defendants' restaurants that required little

skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

41.     Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

42.     Upon information and belief, these other individuals also worked hours exceeding forty per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New Jersey Wage and Hour Law.

43.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New Jersey Wage and Hour Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

44.     Plaintiffs, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

45.     At all relevant times, Defendants have employed Plaintiffs and the Collective Action members within the meaning of the FLSA.

46.     At all relevant times, Defendants have maintained a policy and practice of refusing to pay premium compensation to Plaintiffs and the Collective Action members for hours worked exceeding forty hours per workweek.

47.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Action members at a rate at least one-and-one-half times their respective regular rates of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Action members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New Jersey Wage and Hour Law - Overtime)

50.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

51.     At all relevant times, Plaintiffs have been employed by Defendants within the meaning of the New Jersey Wage and Hour Law.

52.     Defendants have willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked exceeding forty hours per workweek, in violation of New Jersey Wage

and Hour Law § 34:11-56a1 *et seq.* and New Jersey Administrative Code (N.J.A.C.) §12:56-6.1.

53. Defendants' failure to pay overtime was willful and intentional in violation of N.J.S.A. § 34:11-56a1 *et seq.* and N.J.A.C. §12:56-6.1.

54. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey Wage and Hour Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with

them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.    A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New Jersey Wage and Hour Law;

e.    An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.    Back pay;

g.    Punitive damages;

h.    An award of prejudgment and post-judgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.    Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
      April 13, 2018

David Stein (DS 2119)
David Nieporent
Ruchama Cohen
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

10

EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Elsa La Reina Del Chicharron and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Elsa La Reina Del Chicharron mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

Antonio Jose Santos

Date:  May 22, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Elsa La Reina Del Chicharron and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Elsa La Reina Del Chicharron mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

Antonio Urias Pineda

Date: August 4, 2017